UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **MELVIN SIGUE** | **CIVIL ACTION NO. 07-0931** |
| VS. | SECTION P |
| **ROBERTA BOUDREAU, ET AL.** | JUDGE DOHERTY |
| | MAGISTRATE JUDGE HILL |

REPORT AND RECOMMENDATION

Before the court is a civil rights action filed on May 31, 2007, by *pro se* plaintiff, Melvin Sigue, pursuant to 42 U.S.C. §1983. On August 14, 2007, this court issued an order permitting the plaintiff to proceed *in forma pauperis*. Plaintiff is incarcerated at the Dixon Correctional Institute, in Jackson, Louisiana where he is serving a ten year sentence imposed in November 2005 following his conviction for possession with intent to distribute cocaine entered in the Sixteenth Judicial District Court for Iberia Parish Louisiana. *See State v. Melvin Sigue*, 2006-527, 940 So.2d 812 (La. App. 3 Cir. 9/27/2006). Plaintiff complains, however, that he was falsely imprisoned in connection with a prior February 2000 arrest on an unrelated charge of possession with intent to distribute cocaine. Plaintiff names Iberia Parish Sheriff Sid Hebert and Iberia Parish Corrections Center Warden Roberta Boudreaux as defendants. He seeks "to be compensated for the time he stayed in jail ...."

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### *Statement of the Case*

Plaintiff alleges that in February 2000 he was charged with possession with intent to distribute cocaine. However, those charges were *nolle prossed*.[1] Thereafter, the charges were re-instituted, and then dropped. Plaintiff alleges that he was nevertheless incarcerated for 15-17 months during the time that these charges were pending. Accordingly, plaintiff claims that he is entitled to monetary damages for this alleged false imprisonment.

### **LAW AND ANALYSIS**

**I.  Initial Review**

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998); *See also* 28 U.S.C.A. §1915A, 42 U.S.C.A. §1997e(c). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) *citing Siglar v. Hightower,* 112 F.3d 191,

---

[1]This allegation is confirmed in the Louisiana Third Circuit Court of Appeals opinion on direct appeal of petitioner's 2005 conviction.  *State v. Melvin Sigue*, 2006-527, 940 So.2d 812, 816 (La. App. 3 Cir. 9/27/2006).

193 (5th Cir. 1997).  A claim has no arguable basis in law if it is based on an indisputably meritless legal theory.  *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998).  A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998).

When determining whether a complaint is frivolous or states a claim upon which relief may be granted, the court must accept plaintiff's allegations  as  true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

The district court is authorized to dismiss a claim as frivolous "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations."  *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).  A district court may raise the limitation period *sua sponte*. *See Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999).

Although plaintiff's complaint is not well detailed, plaintiff has supplied this court with the facts necessary for a proper disposition of his claim.  Accordingly, further amendment is not necessary.  Accepting plaintiff's allegations as true, it is clear that petitioner's claim is barred by the one year limitation period for filing § 1983 actions.

**II.  One Year Limitation Period**

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim arose.  *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984).  However, the date of accrual for a §1983 claim is a question of federal law.  *Wallace v. Kato*, --- U.S. ----, 127 S.Ct. 1091, 1095, 166 L.Ed.2d 973 (2007); *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986).

Plaintiff claims that he was falsely imprisoned for 15-17 months following his February 2000 arrest on charges of possession with intent to distribute cocaine.  In *Wallace v. Kato*, the United States Supreme Court determined that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter ...."  *Id.* at 1095.  Thus, the Court would "refer to the two torts together as false imprisonment." *Id*.  Because "unlawful detention remediable by the tort of false imprisonment is detention without legal process,",the Court held that the "[l]imitations [period] begin[s] to run against an action for false imprisonment when the alleged false imprisonment ends." *Id*. at 1095-96.

By his own admission, plaintiff was arrested in February 2000 and was then falsely imprisoned for 15 to 17 months thereafter.  Thus, plaintiff's alleged false imprisonment ended, at the latest, in July 2001, seventeen months after his arrest on the charges which were later dismissed.  Accordingly, under federal law, plaintiff's false imprisonment claim accrued, at the latest, in July 2001.

The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art. 3492 in a § 1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).  Since plaintiff's claim accrued, at the latest, in July 2001, plaintiff had one year, or until July 2002 to file his federal § 1983 action.  However, this action was not filed until May, 2007, almost six years after his claim accrued and almost five years after the limitation period had expired.  Thus, this §1983 action seeking monetary damages for alleged false imprisonment is clearly barred by the one year statute of limitations.  This action should therefore be dismissed on this basis as frivolous. Accordingly;

**IT IS RECOMMENDED** that plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** as frivolous pursuant to the provisions of  28 U.S.C. § § 1915(e)(2)(B)(i) and 1915A(b)(1).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by**

**Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association***, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, this 29th day of August, 2007.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE